# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 30, 2008

135836 & (23)

BROWNSTOWN CHARTER TOWNSHIP and
MICHIGAN MUNICIPAL LEAGUE
LIABILITY AND PROPERTY POOL,
      Plaintiffs-Appellees/Cross-Appellants,
v

FARM BUREAU INSURANCE COMPANY,
      Defendant-Appellant/Cross-Appellee.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135836
COA: 279794
Wayne CC: 07-703166-AV
33rd DC: 06-B-2136

On order of the Court, the application for leave to appeal the January 10, 2008 order of the Court of Appeals and the application for leave to appeal as cross-appellant are considered, and they are DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

I would reverse the Court of Appeals and remand the case to the trial court for further proceedings. MCL 500.3123(1)(a) excludes property damage coverage for motor vehicles operated on a public highway "unless the vehicle is parked in a manner as not to cause unreasonable risk of the damage which occurred." In *Stewart v Michigan*, 471 Mich 692, 695, 698-699 (2004), this Court considered similar language in MCL 500.3106 to determine that a police cruiser that was parked partially on a roadway to assist the driver of a stalled vehicle did not present an unreasonable risk of bodily injury because there was "nothing in the record to suggest that an oncoming northbound driver would not have ample opportunity to observe, react to, and avoid the hazard posed by the police cruiser." *Id*. at 699. In the instant case, the police cruiser was parked in the left lane at the top of an incline and around a curve. Another police cruiser was parked on the opposite shoulder, substantially limiting the area through which a vehicle could pass. The roadway was icy, it was dark outside, and two other vehicles had spun out near the scene within the previous 20 minutes. There is a question of fact, I believe, regarding whether the cruiser in the left lane created an unreasonable risk of the damage that occurred.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 30, 2008

Clerk

p0527